**UNITED STATES of America**

v.

**David S. MALCOURONNE.**

**Cr. No. 67–321.**

United States District Court
D. Massachusetts.

April 30, 1968.

Paul F. Markham, U. S. Atty., Albert F. Cullen, Jr., Asst. U. S. Atty., for the United States.

Richard D. Clarey, Boston, Mass., for defendant.

Memorandum and Order

CAFFREY, District Judge.

This matter came before the Court upon defendant's motion to dismiss the indictment and upon defendant's motion for a bill of particulars.

■ Counsel effectuated an agreement as to each of the numbered paragraphs in the motion for particulars, except 3, 4, 8 and 12. At the conclusion of oral argument the motion was denied as to paragraphs 3 and 8 and it was taken under advisement as to paragraphs 4 and 12. Upon further consideration thereof, it is

ORDERED: The motion for bill of particulars is denied as to paragraphs 4 and 12, because the information sought therein is primarily in the nature of evidence.

The motion to dismiss the indictment is premised on the grounds that "this prosecution violates his rights under the Fifth Amendment to the Constitution of the United States." Reliance is placed on recent opinions of the Supreme Court of the United States in Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968); Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968), and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968), which struck down certain registration and record-keeping requirements under the so-called Federal Wagering Tax Act and the National Firearms Act.

The instant indictment alleges, in two counts, that defendant "did unlawfully sell, deliver and dispose of a quantity of methamphetamine, a depressant or stimulant drug, within the meaning of 21 U.S.C. 321(v) (3), in violation of 21 U.S.C. 331(q) (2)." It does not directly charge him with failing to register or failing to report. However, this indictment indirectly involves registration in that 21 U.S.C. § 360 requires the annual registration of "every person who owns or operates any establishment in any state, engaged in * * * the wholesale jobbing or distributing of any depressant or stimulant drug," and 21 U.S.C. § 331(q) (2) prohibits the sale, delivery or other disposition of such drugs by a person who, in violation of 21 U.S.C. § 360a(b), has failed to register. Criminal sanctions are provided for the sale of such drugs by an unregistered person in 21 U.S.C. § 333.

■ I rule that the instant case does not fall within the ambit of the Supreme Court's ruling in Marchetti, Grosso, or Haynes, but, on the contrary, falls within the ruling in Shapiro v. United States, 335 U.S. 1, 68 S.Ct. 1375 92 L.Ed. 1787 (1948). In Marchetti v. United States, the Supreme Court pointed out that the three principal elements of the so-called "required records doctrine" of the Shapiro case were absent there. I rule that at least two of those three elements are clearly present herein, first and most importantly, that the activity being regulated here by the Federal Food, Drug, & Cosmetic Act and the Drug Abuse Control amendments, is in "an essentially non-criminal and regulatory area," and (2) that the manufacture, transportation and distribution of drugs is a proper subject for the exercise of federal legislation. The public interest in the governmental supervision of the drug industry, including licensed manufacturers, compounders, processors, suppliers, wholesale and retail druggists, as well as allegedly illicit purveyors of drugs, for the public health and safety, is so obviously a proper area for Congressional legislation, in view of the impact of the products embraced therein on the public welfare, as to need no elucidation or defense herein.

Ordered: The motion to dismiss indictment is denied.